DAVID M. KLEIMAN (State Bar No. 194955)
Email: davidkleiman@lapatents.com
L.A. PATENTS
Intellectual Property Law
21900 Burbank Blvd, Third Floor
Woodland Hills, CA 91367
Telephone: (818) 884-0949
Facsimile: (818) 884-2898

Counsel for Defendants
PACIFIC COAST LUGGAGE, INC.
and SCOTT OH

DAVID B. ABEL (SBN 156744)
david.abel@dlapiper.com
NANCY T. NGUYEN (SBN 215869)
nancy.nguyen@dlapiper.com
DLA PIPER US LLP
1999 Avenue of the Stars, Suite 400
Los Angeles, CA 90067-6023
Tel: 310.595.3000
Fax: 310.595.3300

Counsel for Plaintiff
LUGGAGE AMERICA, INC.

E-FILED
COURTESY COPY
DATE FILED: November 4, 2008
TIME FILED: 11:17 AM

# COURTESY COPY

FILED
CLERK, U.S. DISTRICT COURT
NOV 13 2008
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LUGGAGE AMERICA INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> PACIFIC COAST LUGGAGE INC., a California corporation, and SCOTT OH, and individual <br><br> Defendants. | Case No. CV-08-04103 VBF(PJWx) <br><br> JOINT REQUEST AND STIPULATION OF THE PARTIES TO ENTER A PROTECTIVE ORDER. <br><br> Hearing: <br><br> Date:  N/A <br> Time:  N/A <br> Court: Hon. Valerie Fairbank |

L.A. PATENTS
Intellectual Property Law

STIPULATION

1  The parties jointly request, and IT IS HEREBY STIPULATED, subject to
2  approval of the Court, that the proposed stipulated protective order attached hereto
3  be entered in this action pursuant to Fed. R. Civ. P. 16(c)(2)(F) & 26(c).
4  This is an action for patent infringement and good cause exists to enter the
5  attached protective order. Namely, to effectively prepare this case for trial,
6  dispositive motion practice, and/or settlement the parties will need to obtain
7  discovery of, and exchange, proprietary and confidential commercial information,
8  such as trade secrets within the meaning of the California Uniform Trade Secrets
9  Act, or proprietary information which concerns or relates to (i) sales, marketing,
10 manufacturing, customer identity, customer requirements, vendor identity, vendor
11 requirements, vendor performance, product development strategies or tactics; (ii)
12 financial performance; (iii) manufacturing or other costs of doing business; (iv)
13 technical characteristics of products; or (v) other business confidential information.
14 Such information is maintained confidentially by each of the parties, and the parties
15 believe that its disclosure beyond the limits set forth in the attached protective order
16 would substantially injure the disclosing party and provide a significant competitive
17 advantage for competitors of the parties (including the receiving party), if such
18 competitors had access to the confidential information identified above.

| L.A. PATENTS | DLA PIPER LLP |
| --- | --- |
| Counsel for Defendants | Counsel for Plaintiff |
| *(signature)* | *(signature)* |
| David M. Kleiman | David Abel |
| | Nancy Nguyen |
| Date: November 4, 2008 | Date: November 4, 2008 |

DAVID M. KLEIMAN (State Bar No. 194955)
Email: davidkleiman@lapatents.com
L.A. PATENTS
Intellectual Property Law
21900 Burbank Blvd, Third Floor
Woodland Hills, CA 91367
Telephone: (818) 884-0949
Facsimile:  (818) 884-2898

Counsel for Defendants
PACIFIC COAST LUGGAGE, INC.
and SCOTT OH


DAVID B. ABEL (SBN 156744)
david.abel@dlapiper.com
NANCY T. NGUYEN (SBN 215869)
nancy.nguyen@dlapiper.com
DLA PIPER US LLP
1999 Avenue of the Stars, Suite 400
Los Angeles, CA  90067-6023
Tel: 310.595.3000
Fax: 310.595.3300

Counsel for Plaintiff
LUGGAGE AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LUGGAGE AMERICA INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC COAST LUGGAGE INC., a California corporation, and SCOTT OH, and individual<br><br>Defendants. | Case No. CV-08-04103 VBF(PJWx)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER. |

1  The Court has fully considered the stipulated request of the parties for entry
2  of this protective order to facilitate discovery and preparation of this case for trial,
3  dispositive motion practice, and/or settlement. Having found good cause to exist
4  the Court hereby GRANTS the joint request for entry of this protective order and
5  ORDERS that:

6  1. The terms and conditions of this Protective Order shall be applicable to all
7  information, documents, and things exchanged in the course of this litigation
8  pursuant to discovery or disclosed pursuant to the Federal Rules of Civil Procedure,
9  or Local Rule, or Court Order, or offered in any court filings, including, without
10 limitation, testimony adduced at depositions upon oral examination, upon written
11 questions, answers to interrogatories, documents and tangible things produced,
12 answers to requests for admission, expert reports, and initial disclosures.

13 2. If, in the course of this litigation, any party (or third party pursuant to
14 subpoena) undertakes or is caused to disclose what the disclosing person or entity
15 contends is Confidential Information (as defined below), then the procedures set
16 forth herein shall be employed and the disclosure thereof shall be subject to this
17 Order.

18 3. For purposes of this Order, the following definitions shall apply:
19   a. The term "Document" shall include, without limitation, any
20 communications, correspondence, records, exhibits, reports, samples, transcripts,
21 video or audio recordings, affidavits or declarations, briefs and motion papers,
22 summaries, notes, abstracts, drawings, company records and reports, answers to
23 interrogatories, responses to requests for admissions, including any electronic or
24 optically stored versions of any of the foregoing, machines or physical objects.

25   b. "Attorney's Eyes Only Information" is defined herein as is
26 information (a) which has not been made public; (b) the disclosure of which is
27 reasonably expected by the disclosing party to pose an undue risk of harm to the
28

1  business operation of the disclosing party; and (c) which is either a trade secret
2  within the meaning of the California Uniform Trade Secrets Act, or proprietary
3  information which concerns or relates to (i) sales, marketing, manufacturing,
4  customer identity, customer requirements, vendor identity, vendor requirements,
5  vendor performance, product development strategies or tactics; (ii) financial
6  performance; (iii) manufacturing or other costs of doing business; (iv) technical
7  characteristics of products; or (v) other business confidential information.  It
8  includes the original information with the confidentiality designation, and any copy,
9  derivative or abstract, as well as any notes, briefs, or references for which that
10 information is the source.

11         c.      Notwithstanding any other provision of this Order, the
12 confidentiality obligations of this Order shall not apply or shall cease to apply (as
13 the case may be) to any materials or information that: (i) at the time of disclosure
14 hereunder, was already in the public domain by publication or otherwise; (ii) has
15 become, through no act or failure on the part of the receiving party, part of the
16 public domain by publication or otherwise; (iii) at the time of disclosure, was
17 already in the lawful possession of the receiving party; (iv) after disclosure
18 hereunder, was acquired by the receiving party from a third party lawfully
19 possessing such materials or information and having no confidentiality obligation to
20 the disclosing party; (v) the disclosing party agrees may be disclosed to a third party
21 under no confidentiality obligation; or (vi) the Court, after notice to the parties,
22 orders to be disclosed.

23    4.     Any Document containing Attorney's Eyes Only Information shall be
24 designated by the disclosing party as "CONFIDENTIAL – ATTORNEY'S EYES
25 ONLY."

26    5.     Confidentiality designations shall be made by the disclosing party prior to
27 or at the time of disclosure by affixing the confidentiality designation on each
28

Document so designated. In the case of Attorney's Eyes Only Information disclosed in a non-paper medium (e.g., video tape, audio tape, computer disks, etc.), the confidentiality designation shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation. Such confidentiality designation is deemed to apply both to the Document itself and to the Attorney's Eyes Only Information contained therein.

6.  Deposition transcripts may be so designated either (1) before the testimony is recorded in which case the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL - ATTORNEY'S EYES ONLY" by the reporter as directed by the designating party, or (2) by written notice, including a list of the pages and line numbers so designated, to the reporter and all counsel of record, given within thirty (30) days after the transcript is received by the witness or his counsel or by any party or its counsel, in which case all counsel receiving such notice shall be responsible for attaching a copy of such written notice to the face of all copies of the designated transcript in their possession or under their control. Unless otherwise agreed in writing or ordered, until thirty (30) days after the transmittal of the written transcript of a deposition to the parties, the transcript and any exhibits prepared at the deposition shall be treated as Attorney's Eyes Only Information.

a.  Except as provided expressly herein, all discovery subject to this Protective Order, including without limitation Documents and information designated under this Protective Order as "Confidential -- Attorney's Eyes Only" under this Protective Order, shall be used by the party receiving such discovery solely for purposes of, and only in connection with, the prosecution or defense of this lawsuit and such discovery shall not be disclosed to anyone except as provided herein.

7. The inadvertent failure to designate information as "Confidential - Attorney's Eyes Only" prior to or at the time of disclosure shall not operate as a waiver of a party's right to later designate said information as either "Confidential - Attorney's Eyes Only." In such event, counsel for the disclosing party may give written notice to the receiving party that the document or thing produced is deemed "Confidential - Attorney's Eyes Only" and should be treated as such in accordance with the provisions of this protective order. Except as otherwise set forth herein, the receiving party must treat such documents and things with the noticed level of protection from the date such notice is received. Disclosure, prior to receipt of such notice to persons not authorized to receive such information, shall not be deemed a violation of this protective order.

8. In the absence of written permission from the producing party or an order of the Court, materials designated "Confidential - Attorney's Eyes Only" shall be available only to and shall not be disclosed to or discussed with any person other than:

    a. Outside counsel of record, including their necessary support personnel such as paralegals, secretarial and clerical personnel.

    b. Outside consultants and experts as defined in paragraph 9 below and pursuant to the provisions of paragraph 10 below, including necessary support personnel;

    c. Reporters and videographers recording testimony and their support personnel;

    d. Jury consultants and their assistants, staff and support personnel, and mock jurors and focus group participants used by them, who agree to be bound by the terms of this order;

  e. Support contractors retained by outside counsel of record for the receiving party for functions such as copying, scanning, document management and graphics support who are unaffiliated with the receiving party; and

  f. The judge, magistrate, special master, and their respective clerks and necessary support personnel, and the jury in this case.

9. For purposes of paragraph 8.b above, a consultant or expert shall be defined as a person, who

  a. Is retained or employed as a bona fide consultant or expert for the purposes of this litigation, whether full or part-time, by or at the direction of outside counsel for a party.

  b. Is not an employee of a party and has not been an employee of a party from at least the time this litigation was initiated.

  c. Designating a person as a consultant or expert shall not constitute a waiver of any attorney-client, work product or other privilege.

  d. Consultant or expert includes an individual consultant or expert as well as a consulting or expert company, and the individual's or company's assistants, staff, and support personnel.

10. The procedure for having a consultant approved for access to Attorney's Eyes Only information shall be as follows:

  a. The party seeking to have a consultant or expert, as defined in paragraph 9 above, approved, shall provide the producing party with:

   i. The name of the person and anyone assisting him or her;

   ii. The present employer and title of the person, if any;

   iii. The name of any companies engaged in the manufacturing or sale of luggage products which the person has been employed by, or to which the person has served as a consultant or expert in a capacity related to luggage products;

    iv. A written acknowledgment, signed by the person for whom approval is sought, that the person has read this Stipulated Protective Order and agrees to be bound by its terms.

  b. Within ten (10) calendar days of receipt of the information and written acknowledgment described in subparagraph (a), any party may object to the person proposed for approval, if facts available to the objecting party indicate that there is an undue risk that the designated person may use information designated "Confidential – Attorney's Eyes Only Information," for purposes other than this litigation. Any such facts shall be stated in the objecting party's written objection. Failure to object within ten (10) days to a person proposed shall be deemed approval, but shall not preclude an objecting party from objecting to continued access by that person where facts suggesting a basis for objection are subsequently learned by the objecting party or its counsel.

  c. If a party so objects, the objecting and requesting parties shall, within five (5) court days from the date of notice of objection, confer and attempt to resolve the dispute. If the parties cannot resolve the dispute, the objecting party may move the court for an order that access to information designated "Confidential - Attorney's Eyes Only" be denied to the designated person. Such a motion shall be made pursuant to Local Rule 37, and the moving party's portion of the joint stipulation shall be delivered to the non-moving party within five (5) court days of the expiration of the above confer period. Absent a showing of good cause, if the objecting party's portion of the joint stipulation is not delivered within five (5) court days of the expiration of the above confer period, or the joint stipulation is not filed within five (5) court days of the objecting party receiving back the opposing parties portion of the joint stipulation, then the consultant or expert is deemed approved.

  d. No information designated pursuant to this Protective Order shall be shown to any consultant until such consultant has been approved as provided

herein. The time periods contained in this paragraph may be extended or shortened for good cause upon agreement of all counsel. Consent shall not be unreasonably withheld.

11. In no event shall Attorney's Eyes Only Information be stored at any business premises of any party to this action which is the receiving party.

12. The parties will use reasonable care to avoid improper confidentiality designations.

13. Any party disagreeing with any confidentiality designation shall so notify the disclosing party in writing. The disclosing party shall then have a period of fourteen (14) business days from the date of receipt of such notice to: (1) advise the receiving party whether or not the disclosing party persists in such designation; and (2) if the disclosing party persists in the designation, to explain the reasons for the particular designation. The receiving party may then, after advising the disclosing party, move the Court for an order removing the particular designation. Unless otherwise agreed to by the parties in writing or otherwise ordered, all persons bound by this Order shall abide by the designation.

14. The failure of a receiving party to expressly challenge a claim of confidentiality or a confidentiality designation at the time of disclosure shall not constitute a waiver to later challenge the designation.

15. If a party's attorney desires to give, show, make available, or communicate any Attorney's Eyes Only Information to a person not authorized to receive it, the attorney must first disclose that person's name and connection with this litigation, and must obtain the written consent of the party who so designated the Attorney's Eyes Only Information or an Order of Court permitting disclosure. If the party who so designated the Attorney's Eyes Only Information refuses to give its consent, it must state its reasons in writing within ten (10) business days of receiving the notice of intent to disclose. Thereafter, the parties shall confer to

attempt to resolve the reasons for withholding consent. If an agreement cannot be reached, the party desiring disclosure of the Attorney's Eyes Only Information may petition the Court for an order granting disclosure.

16. All experts, consultants and jury consultants and their assistants, staff and support personnel, mock jurors, and focus group participants to whom materials designated "Confidential - Attorney's Eyes Only" are made available, must sign an agreement in the form attached hereto as Exhibit A. A copy of each such executed agreement shall be retained by counsel hiring said expert, consultant or jury consultant for a minimum of one (1) year following the conclusion of this litigation.

17. Counsel for any party shall have the right to exclude from depositions, other than the deponent and the reporter (and any videographer), any person who is not authorized by this Order to receive such Attorney's Eyes Only Information. Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising Attorney's Eyes Only Information.

18. Any court reporter or videographer who records testimony at a deposition taken in this action shall be provided with a copy of this Order by the party noticing the deposition. That party shall advise the court reporter or videographer, before any testimony is taken, that all documents, information, or testimony designated "Confidential - Attorney's Eyes Only" are and shall remain confidential and shall not be disclosed or used except as provided in this Order. The noticing party shall further advise the court reporter and/or videographer that copies of all transcripts, reporting notes and all other records of any such testimony must be treated in accordance with this Order, delivered to attorneys of record, or filed under seal with the Court.

19. In the event that any Attorney's Eyes Only Information is included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition

or hearing transcript or other paper or thing filed or lodged with this Court, that fact shall be noted on the cover page of the filing with the following notation:

> CONFIDENTIAL - ATTORNEY'S EYES ONLY INFORMATION - This document is subject to a PROTECTIVE ORDER issued by the COURT and may not be examined or copied except in compliance with that order.

Such filing shall be delivered sealed to the Clerk of the Court, and shall not be available for public inspection. A copy of the cover page of the filing shall be affixed to envelopes, if any, used to seal such documents. The party filing the document may simultaneously file a public version of the document with the Attorney's Eyes Only Information redacted, and the complete unredacted documents as well as the redacted documents shall be served on the attorneys for the parties.

20. Nothing herein shall restrict an authorized recipient from making working copies, abstracts, digests and analyses of Attorney's Eyes Only Information or documents or filings containing such information for use in connection with this action, and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Order. Further, nothing herein shall restrict an authorized recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this action, provided that access to such information, whatever form stored or reproduced, shall be limited to authorized recipients as provided in this Order, and use of such information shall be limited to the authorized purpose permitted by the Order.

21. Attorney's Eyes Only Information of other parties shall be maintained in the custody of counsel of record for the parties except that: (a) any court reporter who transcribes testimony (or videographer who records testimony) given in this action may maintain any such designated documents for the purpose of rendering

his or her normal transcribing services; and (b) partial or complete copies of these documents may be retained by employees, experts, and consultants entitled to access of such documents under the terms of this Order to the extent necessary for their study, analysis and preparation of the case.

22. Should any Attorney's Eyes Only Information be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Order; and the disclosing party shall (a) identify such person immediately to the party that designated the document as confidential; (b) promptly inform such person of all the provisions of this Order; (c) request such person to sign the agreement in the form attached hereto as Exhibit A; and (d) use its best efforts to retrieve the Attorney's Eyes Only Information if the party is not authorized to receive it. The executed agreement shall promptly be served upon the party that made the designation.

23. The purpose of this Order is to facilitate discovery in and conduct of this litigation, and in no manner shall it affect the application of any state or federal law regarding confidentiality of information.

24. The terms of this Order shall in no way affect a party's right to (a) withhold information on grounds of privilege or immunity from discovery such as, by way of example and not by way of limitation, attorney/client privilege or work product doctrine, or (b) reveal or disclose to anyone any documents or information designated by that party as "Confidential - Attorney's Eyes Only." The production of any documents or information governed by this Protective Order shall be without prejudice to any claim by the disclosing party that such documents or information are protected from discovery on the basis of the attorney-client privilege or the work product doctrine, so long as such production was made inadvertently. No disclosing party shall be held to have waived any of its rights under Rule 26 by such

1  an inadvertent production.  If, after documents or information are produced, a claim
2  of attorney-client privilege and/or work product is subsequently made, the receiving
3  party shall take reasonable steps to ensure that all known copies of such documents
4  or information are returned promptly to the disclosing party.  After the return of the
5  documents or information, the receiving party may challenge the disclosing party's
6  claim of attorney-client privilege and/or work product by filing a motion with the
7  Court.  Any determination by the Court on the disclosing party's claim of attorney-
8  client privilege and/or work product shall be made without regard to the fact that
9  such documents or information have been produced so long as such production was
10 made inadvertently.  The receiving party shall bear the burden of proving that such
11 a production was not made inadvertently.
12     25.    Nothing herein shall prohibit counsel for a party from disclosing a
13 document or information which constitutes Attorney's Eyes Only Information to a
14 person identified as an author, addressee, or recipient of such document or
15 information or from disclosing information or testimony relating to a conversation
16 or meeting to which the person is identified as a participant.  Additionally, any
17 document or information which constitutes Attorney's Eyes Only Information may
18 be shown to any current employee, consultant, expert witness, or representative of
19 the party that produced the document or information so designated, during the
20 deposition of that current employee, consultant, expert witness, or representative.
21 Also, any document or information which constitutes Attorney's Eyes Only
22 Information may be shown to any former employee, consultant, or representative of
23 the party that produced the document or information so designated, during the
24 deposition of that former employee, consultant, or representative, if the document
25 or information so designated was in existence during the period of such individual's
26 relationship with the disclosing party.  A document which constitutes Attorney's
27 Eyes Only Information that contains handwriting may be shown to a deposition
28

1 witness for the purpose of determining whether the deposition witness is the author
2 of the document, provided that the attorney establishes through the deposition
3 testimony of the witness a reasonable and good faith basis for believing that the
4 handwriting was or could have been authored by the deposition witness, and
5 provided that the attorney takes reasonable steps to ensure that no unnecessary
6 disclosure of Attorney's Eyes Only Information takes place (e.g., by showing the
7 deposition witness a limited sample of the handwriting at issue).

8     26.    Unless counsel agree otherwise in writing, upon final disposition of this
9 action, at receiving counsel's option, they (and all persons who have received
10 Attorney's Eyes Only Information, including consultants, etc.) shall destroy (or
11 cause to be destroyed) or return promptly all (1) documents which are designated or
12 contain Attorney's Eyes Only Information and (2) copies made thereof, including
13 copies provided to other persons. Notwithstanding the foregoing, counsel of record
14 shall be permitted to retain a file copy of all court filings, including materials made
15 part of the trial record or which have been filed under seal with the Clerk of the
16 Court, and a copy of all depositions (and exhibits) and any notes or memoranda
17 relating thereto. Such materials must continue to be maintained under the terms of
18 this Order.

19     27.    In the event any person or party having possession, custody or control of
20 any document or information produced in this action and designated "Confidential -
21 Attorney's Eyes Only" by the opposing party receives a subpoena or other process
22 or order to produce such information, such person or party shall timely notify the
23 attorneys of record of the party claiming such confidential treatment of the
24 document sought by such subpoena or other process or order, shall timely furnish
25 those attorneys with a copy of said subpoena or other process or order, and shall
26 cooperate with respect to any procedure sought to be pursued by the party whose
27 interest may be affected. The party asserting the confidential treatment shall have
28

1  the burden of defending against such subpoena, process or order.  The person or
2  party receiving the subpoena or other process or order shall be entitled to comply
3  with it except to the extent the party asserting the confidential treatment is
4  successful in obtaining an order modifying or quashing it.

5      28.    All time periods provided in this Order shall be calculated in accordance
6  with the Federal Rules of Civil Procedure.

7      29.    This Order shall survive the final termination of the case.  The Court
8  retains jurisdiction after termination of this action to enforce this Order and to make
9  such amendments, modifications, deletions and additions to this Order as the Court
10 may from time to time deem appropriate.  The parties hereto reserve all rights to
11 apply to the Court at any time, before or after termination, for an order: (i)
12 modifying this Order, (ii) seeking further protection against discovery or use of
13 Attorney's Eyes Only Information, or documents, or (iii) seeking further
14 production, discovery, disclosure, or use of claimed Attorney's Eyes Only
15 Information, or documents.

16     30.    This order shall not bar any attorney herein in the course of rendering
17 advice to his client with respect to this litigation from conveying to any party client
18 his evaluation in a general way of Attorney's Eyes Only Information produced or
19 exchanged herein; provided, however, that in rendering such advice and otherwise
20 communicating with his client, the attorney shall not disclose the specific contents
21 of any Attorney Eyes Only or Attorney's Eyes Only Information produced by
22 another party herein, which disclosure would be contrary to the terms of this
23 Protective Order.

1    31.   This stipulation is for the Court's consideration and approval as an order. It shall not be construed to create a contract among the parties or among the parties and their respective counsel.

IT IS SO ORDERED

Date: 11/10/08

Hon. ~~Valerie Baker Fairbank~~ PATRICK J. WALSH

United States District Court Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LUGGAGE AMERICA INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC COAST LUGGAGE INC., a California corporation, and SCOTT OH, and individual<br><br>Defendants. | Case No. CV-08-04103 VBF(PJWx)<br><br>PROTECTIVE ORDER EXHIBIT A: AGREEMENT CONCERNING INFORMATION COVERED BY PROTECTIVE ORDER. |

I, _____, hereby acknowledge that:

(1) I have received a copy of the Protective Order ("the Order") entered in this action by the United States District Court for the Central District of California;

(2) I have either read the Order or had the terms of the Order explained to me by an attorney;

(3) I understand the terms of the Order and agree to comply with and be bound by the terms of the Order;

(4) I may receive documents or information designated as "Confidential - Attorney's Eyes Only" and understand that such documents or information is provided to me pursuant to the terms and restrictions of the Order;

(5) I agree to hold in confidence any information or documents disclosed to me pursuant to the terms of the Order; and

L.A. PATENTS
Intellectual Property Law

1

EXHIBIT A STIPULATED PROTECTIVE ORDER

(6)  I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for resolution of any matters pertaining to the Order. My current address and telephone number are as follows:

_____

_____

_____

_____

_____

_____

(7)  My present employer is _____.

(8)  Within the last ten (10) years I have been employed by, or have served as an expert or consultant to, the following companies involved in the sale or manufacture of luggage products:

_____

_____

_____

Date: _____            _____
                                                    Signature

# Stipulation

2:08-cv-04103-VBF-PJW Luggage America, Inc. v. Pacific Coast Luggage, Inc. et al
(PJWx), AO120, DISCOVERY, MANADR

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered by Kleiman, David on 11/4/2008 at 11:17 AM PST and filed on 11/4/2008

**Case Name:** Luggage America, Inc. v. Pacific Coast Luggage, Inc. et al
**Case Number:** 2:08-cv-4103
**Filer:** Pacific Coast Luggage, Inc.
Scott Oh
**Document Number:** 33

**Docket Text:**
**STIPULATION for Protective Order filed by Defendants Pacific Coast Luggage, Inc., Scott Oh. (Attachments: # (1) Proposed Protective Order)(Kleiman, David)**

**2:08-cv-4103 Notice has been electronically mailed to:**

David B Abel    david.abel@dlapiper.com, june.etheridge@dlapiper.com, krista.sirola@dlapiper.com

David M Kleiman    davidkleiman@lapatents.com

Nancy T Nguyen    nancy.nguyen@dlapiper.com, robbyn.james@dlapiper.com

**2:08-cv-4103 Notice has been delivered by First Class U. S. Mail or by fax to: :**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\Documents and Settings\HP_Owner\My Documents\LAPATENTS\Pacific Coast Luggage\Stipulations\Protective Order\Stipulated_Request_Protective_Order_Ex.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/4/2008] [FileNumber=6767451-0]
[a50c0bf7ac5f31dde4ed301eebb8f88701aa5368571f559011478b65b85747d8238f
c513f0992cb57043a222a436201c6890333dd1c3bafd43e3646aae9c0017]]
**Document description:** Proposed Protective Order
**Original filename:** C:\Documents and Settings\HP_Owner\My Documents\LAPATENTS\Pacific Coast Luggage\Stipulations\Protective Order\Proposed_Protective_Order_Attachment.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/4/2008] [FileNumber=6767451-1]
[7c6cd23b70b03c3285807ded5d7380e0a51d96967628c0fe94b41e7d8c2c17e035a4
2df8836b648b236cdeb80ae1ea2b69f2e4f702552fdd83d295984428b431]]